| | | |
|---|---|---|
| ELTON LEON POWELL, | § § | |
| Petitioner, | § § | |
| v. | § § | 2:15-CV-65 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § | |
| Respondent. | § § | |

## REPORT AND RECOMMENDATION TO DENY PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a prison disciplinary proceeding. In order to challenge a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner MUST, at a minimum, be eligible for release on mandatory supervision AND have received a punishment sanction that included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). In his habeas application, petitioner claims he lost 45 days previously earned good-time days. *See* Question 18. Review of the TDCJ Disciplinary Report and Hearing Record, however, reflects petitioner did not lose any previously earned good-time days as a result of the disciplinary proceeding herein challenged.

As the law in the Fifth Circuit currently stands, petitioner did not receive a punishment sanction that included forfeiture of previously accrued good time credits and, thus, cannot receive federal habeas corpus relief. Petitioner's habeas application should be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of June 2017.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).